United States District Court
Southern District of Texas
**ENTERED**
January 25, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IVAN MANUEL COLINA CASTRO, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIV. NO. 7:22-0001 |
| | § | |
| MERRICK B. GARLAND[1], *et al.* | § | |
| Respondents. | § | |

**REPORT & RECOMMENDATION**

On January 3, 2022, Petitioner, Mr. Ivan Manuel Colina Castro, filed a Petition for a Writ

of Habeas Corpus Pursuant to 28 U.S.C. Section 2241 (the "Petition") to contest his continued

detention by U.S. Immigration and Customs Enforcement ("ICE") at the South Texas Detention

Complex in Pearsall, Texas in Frio County. (Dkt. No. 1 at 2.) The matter has been referred to the

undersigned for report and recommendation per 28 U.S.C. § 636(b).

Based on review of the Petition and for the foregoing reasons, since this court is not within

the proper jurisdiction for the Petition, the undersigned respectfully recommends this matter be

dismissed without prejudice.

**I.**

Petitioner is seeking release from immigration custody because the federal government has

not removed Petitioner to his home country of Venezuela since serving him with a final removal

order on or about June 1, 2021. *See* Dkt. No. 1 at 4, ¶ 19, 20 (citing *Zadvydas v. Davis*, 533 U.S.

---

[1] The lead Respondent is listed as "Mr. Merrin B. Garland, Attorney General." (Dkt. No. 1 at 1.) It is
obvious Petitioner is referencing Merrick B. Garland, the current U.S. Attorney General; therefore, the style
of the case is amended to reflect the correct name of the Attorney General and the Clerk shall accordingly
amend the docket to reflect the same.

678 (2001) in support of said request).  At the time the Petition was filed, the Petitioner was being held at a detention center located in Pearsall, Frio County, Texas, which is within the jurisdiction of the Western District of Texas – San Antonio Division.  28 U.S.C. § 124(d)(4).  On January 24, 2022, ICE advised the deputy clerk assigned to the Court that Petitioner was no longer in custody. According to ICE, Petitioner was released on bond and is living at a residence in Dallas, Texas.

## II.

In seeking a release from federal custody, the properly named respondent is the individual who is the immediate custodian of the petitioner and who has the ability to produce the petitioner before the Court.  "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'"  *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242).

Correspondingly, "with respect to habeas petitions 'designed to relieve an individual from oppressive confinement,' the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement.'"  *Id*. at 442 (quoting *Carbo v. United States*, 364 U.S. 611, 618 (1961)).  In *Rumsfeld*, the proper jurisdiction for Padilla to file a writ of habeas corpus to contest his custody was the District of South Carolina (where he was being held as an "enemy combatant" at a military installation), not the Southern District of New York (where he was previously held as a "material witness").  *Id*. at 442-44, 451.  In other words, the proper jurisdiction to review a writ of habeas corpus contesting physical custody by the federal government is the location of that individual and the detention facility.  *Darboe v. Ahrendt*, 442 F.Supp.3d 592, 594-95 (S.D.N.Y. 2020).

A court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction, or, alternatively, order a complaint transferred to where proper jurisdiction is held. *See Caldwell v. Palmetto State Sav. Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987).

## III.

When Petitioner filed this complaint, he was being held in Pearsall, Texas within Frio County. The Court does not have jurisdiction over this matter as the ICE holding facility is within the Western District of Texas – San Antonio Division. *See Rumsfeld*, at 442-44, 451; *see also Darboe*, 442 F.Supp.3d at 594-95.

The claim itself appears to be moot as Petitioner has been released from ICE custody. *See Avulov v. Bureau of Immigration & Customs Enf't*, No. CV B-07-227, 2008 WL 11388552, at *2 (S.D. Tex. May 27, 2008), *report and recommendation adopted*, CV B-07-227, 2008 WL 11388558 (S.D. Tex. June 18, 2008) (dismissing claim as moot pursuant to Fed. R. Civ. P. 12(b)(1) since the petitioner, who was seeking release from immigration custody, had already been released under an order of supervision).

Setting aside the mootness of the matter,[2] considering Petitioner's claim and his location while in ICE custody and considering this Court does not have jurisdiction for the noted reasons, it is recommended that the Petition be dismissed without prejudice. *Caldwell*, 811 F.2d at 919.

## <u>CONCLUSION</u>

### *Recommended Disposition*

---

[2] "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County, Tex.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Thus, the matter is being dismissed based on the complaint as the information provided by ICE has not been formerly supplemented within the record. Further, should Petitioner seek to refile the claim with the proper jurisdiction, said Petitioner would need to file the $5 filing fee or, alternatively, request to proceed *in forma pauperis*. *See* 18 U.S.C. §§ 1914(a) and 1915. Said fee has not been filed in this matter.

Accordingly, after a careful review of the record and relevant law, the undersigned recommends Petitioner's civil action be **DISMISSED WITHOUT PREJUDICE.**

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Order to Petitioner.

DONE at McAllen, Texas, this 26 day of January, 2022.

Juan F. Alanis
United States Magistrate